STATE, for the use, etc., *v.* JAS. A. MURRAY, Adm'r.

ADMINISTRATOR. *Statute of two years and six months does not run against creditor. When.* If an administrator negotiates for delay, until the happening of a certain possible event, and obtains it, with or without special verbal request, and the effect of it has been to paralyze the vigilance of the creditor, he will not be entitled to the benefit of the statute by reason of such delay.

FACTS. The administrator sought an interview with the creditor upon the subject of a settlement, remarking to him that he wanted to settle the whole matter, but did not wish to do so until he could settle with another creditor at the same time. The court say, this was sufficient application for delay, to protect the creditor and save the bar.

Cases cited: F. & M. Bank *v.* Leath, 11 Hum., 515; Birdsong *v.* Birdsong, 2 Head, 603; Trott *v.* West, 9 Yer., 433; 1 Sneed, 470; Buckett *v.* James, 565–567.

Code cited: Sections 2280, 2785.

---

### FROM FAYETTE.

---

Appeal from the Circuit Court. T. J. FLIPPIN, Judge.

CLAPP & MEUX for plaintiff.

H. C. MOORMAN for defendant.

SNEED, J., delivered the opinion of the court.

The action was brought by N. W. Galloway, one of the distributees of the estate of Emma C. Galloway, dec'd, against the defendant, as administrator of the estate of Jas. H. McMurray, dec'd, to recover the plain-

tiff's distributive share of said Emma's estate, ascertained by settlement of accounts of defendant's intestate in his lifetime to be due.

The settlement of defendant's intestate was had on the 3d of February, 1868, and shows a balance due the estate of said Emma of $234.05, one-half of which belonged to plaintiff as distributee, and the other half to his sister, Mrs. Partee. The defendant's intestate died in 1870, and on the 9th November, 1870, the defendant was qualified as his administrator. This action was begun on the 3d May, 1875, more than two years and six months, as will be observed, from the qualification of the defendant. He relied upon the statute of limitations of two years and six months as a bar to the remedy. The case was submitted to the circuit judge without a jury, who was of opinion, from the proof, that the bar of the statute was saved by a request for delay on the part of the defendant, made before the lapse of the prescribed period of the statute had expired. He accordingly rendered judgment for the plaintiff, from which the defendant has appealed in error.

The statute relied on to obviate the bar is in these words: "If any creditor, after making demand of his debt or claim, delay to bring suit for a definite time at the special request of the executor or administrator, the time of such delay shall not be counted in said periods of limitation." Code, section 2280. Another section of the Code is as follows: "Any delay granted by the person entitled to sue, at the special request of the personal representative, shall not ,be counted in

the time," etc.    Code, section 2785.    These sections
of the Code of 1858 were brought into it from the
proviso to section four of the act of 1789, ch. 23,
prescribing the period within which actions must be
brought against the representatives of deceased persons.
Under these provisions it has been held that the re-
quest for delay must be special and for a definite
time, or until the happening of a certain event.
*F. & M. Bank* v. *Leath*, 11 Hum., 515; *Birdsong* v.
*Birdsong*, 2 Head, 603; *Trott* v. *West*, 9 Yer., 433.
Thus a request for delay until the personal represent-
ative shall collect the debts of the estate, or until he
can collect the money, is sufficiently definite.    1 Sneed,
470.    Or until the land bought by the testator should
be paid for.    *Puckett* v. *James*, 2 Hum., 565.    It is
manifest from these decisions that there has been a
departure from the strict letter of the statute, in order
to administer it in its spirit and to meet the right
and justice of the case as they may arise.    The facts
of this case are, that there were but two distributees
of the fund, the plaintiff and his sister, Mrs. Partee,
the latter a resident of the State of Mississippi.    In
the summer of 1872 the defendant sought an interview
with the plaintiff upon the subject of a settlement,
remarking to him that he wanted to settle the matter,
but did not wish to do so until he could settle with
both of the distributees at once—claiming that Mrs.
Partee was owing his father's estate, and that he
wanted to settle the whole matter at once.    The clear
import of the defendant's language was, that he would
settle as soon as Mrs. Partee came up from Mississippi

No express request for delay was made, further than these words import. The plaintiff said to defendant during the interview in substance, that the settlement of his interest would in no manner interfere with the defendant's settlement with Mrs. Partee. The latter did come into the neighborhood sometime afterwards, but the defendant failed to have a settlement with her, and has failed and refused thus far to pay the plaintiff his share of the fund. The plaintiff being his own witness, states that the settlement with him was deferred at the request of defendant until a settlement could also be had with Mrs. Partee, and it was the understanding of plaintiff that the settlement with him was deferred by the defendant until Mrs. Partee should come up, and then the whole matter could be settled at once. He states further, that defendant did not request delay from him as to said settlement to any specific or definite time, nor did he promise to pay the claim in any other or further manner than the statement that he wanted to settle the whole matter at once. "He told me," says the plaintiff, "that he wanted to settle the whole matter at once, but did not request any delay, or ask me not to bring suit for my share." The defendant was also a witness, and his testimony is but slightly variant from that of the plaintiff. Are these facts sufficient to save the bar of the statute? Certainly the judgment below accords with the right and justice of the case. The statute was never intended as a decoy duck or a snare by which to entrap the unwary and credulous creditor, and when such a case is presented, if clearly within

State *v.* Murray.

the equity of the statute, no refined and technical construction should be allowed to defeat the right.

In one of the cases cited, it was settled that to speak of the claim and desire its payment is a sufficient demand in the sense of the statute. *Puckett* v. *James*, 2 Hum., 567. We need not go a step further in holding, upon equal reason, that a negotiation by the administrator with the creditor about the claim, in which it is understood that the administrator wishes to defer a settlement for a definite time, or until the happening of a certain possible event, is a sufficient request for delay in the sense of the statute. The object of the statute was to relax the operation of the statute of limitations for the benefit of the creditor as well as of the estate, and in the interest of common honesty and justice. After the administrator has negotiated for delay and obtained it, with or without a special verbal request, and the effect of it has been to paralyze the vigilance of the creditor, and the administrator seeks advantage of his own wrong, certainly the statute must be held to protect the creditor and save the bar. In such a case we hold that the spirit of the law is answered.

Affirm the judgment.